**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-4429**

─────────────

UNITED STATES OF AMERICA,

                                  Plaintiff - Appellee,

     versus

RODNEY WILSON,

                                  Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of Virginia, at Danville. Norman K. Moon, District Judge. (CR-03-134)

─────────────

Submitted: November 30, 2005      Decided: January 26, 2006

─────────────

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Grady W. Donaldson, Jr., TWERY, SCHENKEL & DONALDSON, P.C., Lynchburg, Virginia, for Appellant. John L. Brownlee, United States Attorney, Donald R. Wolthuis, Assistant United States Attorney, Michael Pattwell, Third Year Practice Law Student, Roanoke, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Rodney Wilson was convicted of one count of conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 846 (2000), seven counts of distribution or possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) (2000), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (2000). Wilson appeals his convictions. We affirm.

Wilson challenges the sufficiency of the evidence resulting in his convictions. A defendant challenging the sufficiency of the evidence "bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (citation omitted). To determine if there was sufficient evidence to support a conviction, this court considers whether, taking the evidence in the light most favorable to the Government, substantial evidence supports the jury's verdict. Glasser v. United States, 315 U.S. 60, 80 (1942) (citation omitted); United States v. Wills, 346 F.3d 476, 495 (4th Cir. 2003) (citation omitted). This court reviews both direct and circumstantial evidence, and permits the "[G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982) (citations omitted).

Witness credibility is solely within the province of the jury, and this court will not reassess the credibility of testimony. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989) (citations omitted). Further, the uncorroborated testimony of a single witness may be sufficient evidence of guilt, even if the witness is an accomplice, a co-defendant, or an informant. See United States v. Wilson, 115 F.3d 1185, 1189-90 (4th Cir. 1997).

Here, there was ample evidence on which the jury could convict Wilson. Wilson and his uncle operated a crack cocaine distribution center out of a mobile home in Henry County, Virginia. Several individuals served as intermediaries for Wilson, selling crack cocaine from the trailer on his behalf. The Henry County Sheriff's Department, in conjunction with the Virginia State Police Bureau of Criminal Investigations, hired a confidential informant to purchase crack cocaine from the trailer on seven different occasions. In each of the seven controlled purchases, Wilson either directly sold the crack cocaine to the confidential informant or provided the crack cocaine to one of his intermediaries, who, in turn, sold it to the confidential informant. In August 2003, the police raided the trailer, seizing drug paraphernalia and several firearms.

At trial, seven Government witnesses testified against Wilson, each of whom was subject to cross-examination. Six witnesses testified pursuant to a plea agreement, and disclosed

that fact to the jury. Each of these six witnesses testified to Wilson's role in the conspiracy, and their roles as intermediaries for Wilson. The confidential informant testified in detail as to the seven controlled purchases he made, as well as Wilson's involvement in the ongoing conspiracy to sell crack cocaine. Several witnesses testified to Wilson's possession of firearms. It was for the jurors to determine what weight to give each witness's testimony. Drawing all inferences in favor of the Government, a reasonable jury could conclude there was sufficient evidence to convict Wilson beyond a reasonable doubt on all nine counts.

Accordingly, we affirm Wilson's convictions.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

AFFIRMED

---

[*]The Judgment identifies counts Six, Seven, and Eight as drug conspiracy charges, brought under 21 U.S.C. § 846. See J.A. 504. Counts Six, Seven, and Eight of the Superseding Indictment, however, charged Wilson with distributing cocaine base, in contravention of 21 U.S.C. § 841. See J.A. 26-29. By its verdict, the jury found Wilson guilty on those counts. J.A. 483. The Clerk of the district court should correct this typographical error.